Welcome everybody to the 1st division of the 1st district appellate court. We're here in the case of people of state of Illinois versus David Taylor. 1 dash 17 dash 1, 6, 3, 1. My name is Terry lab, and I'll be presiding today. Along with my colleagues, just this. And we're looking for 15 minutes a piece. The appellant should save some time for rebuttal. We'll try not to pester you too much with questions. We are. Quite familiar with the record and the precedent here. So, this should go pretty easily. I think so. Let's hear from the appellant. Good afternoon, your honors and counsel. David Taylor entered into a negotiated plea and timely moved to withdraw that plea. However. Council represented him at the hearing on that motion failed to comply with rule 6 or 4 D, or he did not have heard that. He consulted Mr. Taylor. Regarding any contentions of errors relating to the sentence. Now, rule 6 or 4 D, since it was amended in 2015 requires that. An attorney consult with his client about both. Any contentions of error regarding the plea and the sentence. So, the state argues the consultation regarding the sentence is really unnecessary in the context of a negotiated plea. Reasoning that because the client can't attack the sentence without withdrawing the plea. Consultation on the question of sentencing is a pointless exercise. Well, the world 6 or 4 does not carve out any exception. To its requirements for a negotiated plea. Additionally, every Illinois court from the Illinois Supreme Court. And the appellate court has held that 6 or 4 D must be strictly complied with and no distinction has been made. Between negotiated and open please. Now, the reasoning of the recent case law originally originating with people in the Illinois Supreme Court. And with several appellate court decisions after that, and most recently in people because. Has demonstrated the purpose of compliance of strict compliance. And there really are 2 consistent overarching concerns. 1 is with judicial economy that we that the client and the attorney cover all relevant basis. Concerning any errors. So that they can be addressed at the earliest level at the trial level. The case is also recognize the importance of consultation. Between a client and the attorney. Now, most the most recent authority on this issue comes to us from people because in the Illinois Supreme Court. And that was, um, that was an open plea. And there, the client indicated that he did not want to withdraw his plea. He only wanted to attack the sentence and so we really have the converse of what we have here. Where there's only likely an attack on the sentence and not on the plea. In that case, counsel. Avert in his certificate that he consulted with the client about any sentencing errors. And that the client did not want to withdraw the plea. Our Illinois Supreme Court said, even though the client does not indicates that he does not want to withdraw the plea. We need to know that the lawyer consulted with his client. About the plea, and in fact, it's almost more important in the context of a negotiated plea because. Negotiated plea consultation or conversations about a sentence or sentencing errors may reveal a basis that they, the client can withdraw the plea. If he was, if say a client. A juvenile client, for instance, enters a plea for 50 years and later discovers, well, that's a date back to life sentence. If I had known that I would not have taken the plea. Or maybe didn't didn't understand the repercussions of mandatory consecutive sentencing. These are all sentencing related and are useful to talk about with the between the. Client and the attorney and may reveal a basis to withdraw the plea. Whereas, you know, in course. If you just have a, if he just wants to withdraw his. The sentence or wants to attack the sentence, there's nothing really about the plea that can affect his motion to reduce the sentence. So really, it's almost more important in the context of a negotiated plea to comply with both. Prongs of the consultation requirements. It's also, I think, useful to note that it has value. This. Conversation has value, even if no errors appear as a result of the conversation. Part of the point of strict compliance is to ensure we are not running back and forth and doing needless appeals. If an attorney talks to his client. About the sentencing errors, and maybe nothing appears, but he puts the client's mind at ease and he explains. Why everything about his plea was proper and why there's no problem with the sentence. And then we avoid the client down the road, filing frivolous litigation, maybe frivolous post conviction petitions because. They have that conversation and nipped any of this in the bud. So, based on the reasons, you know, the courts have. Consistently required strict compliance, and there's no exception to that. And so, because counsel did not strictly comply in this basis, in this case, it should be remanded. Um, for further proceedings, and if there are no questions. Yeah, well, I'll ask you a question. You know, how is the 2nd remand really necessary here? It strikes me as a little hyper technical. Defendant file the pro se motion to withdraw his guilty plea is involuntary. And counsel certified that he had reviewed defendants plea. Isn't that correct? Isn't that enough? Well, why is it that not enough in your opinion? It's not enough because the rule requires strict compliance and it requires. The attorney to consult with him about both the sentence. And in the errors in the plea, and that is what the Supreme Court has required as well. You know, along those same lines, isn't there? I'm sorry just to say, but I thought you. No, go ahead along those same lines. You know, my only issue with this is it seems to me that. In this case, there really wasn't a separate sentencing hearing. So, by indicating that they reviewed the proceeding, isn't that enough? Well, there was just 1 proceeding, right? The, the plea. Yeah, there wasn't a separate sentencing hearing. Right? So do you think that's at all significant? No, no, because 1st of all, the court has required strict compliance on both ends, but. Also, we don't know what could have happened outside of the record. And like I mentioned earlier. There could have been other misunderstandings about the sentence. Um, maybe, you know, this. If he had gone to trial, he may have been subject to consecutive sentencing. Based on severe bodily harm, maybe he would have had questions about that. So, we don't know what happened outside the record. And in course. The Illinois Supreme Court said if there's any room to speculate as to whether this consultation occurred. A remand is required. Thank you, of course, was, of course, was an open play, right? Yes. Okay, let's hear from the. Good afternoon. Your honors may please the court. David is to which I'm with the Cook County State's attorney's office. On behalf of the people, I'll start briefly with 2, not the Illinois Supreme Court's case upon which the defendant places much emphasis. The state acknowledges that 2, not requires the council in. A post plea case file a certificate indicating that he or she would be both the sentence. Errors related to the sentence and the plea proceeding itself. But 2, not involved in open plea. And course as well, which is more recent than 2, not just this last year. So also involved in open plea. And why is that relevant? Well, I think it's important to go back to the 1st principles discussed in 2, not about the. Purpose of certification. Under these circumstances is to assure the trial court that council has reviewed the defendant's claim. For withdrawing this plea and considered all relevant bases for the motion to withdraw the guilty plea. It's to make a clean record and to assure the judiciary. The council has, in fact, reviewed the relevant bases that would permit the defendant to withdraw a plea. In a fully negotiated plea, as in this case. The only relevant bases for moving to withdraw the plea involved the voluntariness of the plea process. The voluntariness or other issues related to the entry of the plea itself. And Justice Copeland brought up a very good point about how. Any issues related to the sentence are effectively subsumed in the negotiated plea case. Within that plea process itself, because the sentence is part of the plea. There's no negotiation with respect to that aspect of the proceeding. The defendant, I think, overstates a bit the strict compliance standard, which was. According to the defendant's brief emphasized in the case of people versus genes. It's a Supreme Court of Illinois case from several decades ago. The problem with relying on Janes for the strict compliance standard is that. In Janes, the defense attorney filed. No 604 D certificate. There was no certification in the record that he had done either of the. It fulfilled any of his responsibilities outlined under the rule. The Illinois Supreme Court said we can't possibly condone this kind of practice. You have to strictly comply with it by filing a certificate. Now, later in people versus Shirley, the Illinois Supreme Court. Stepped back a bit from this and declined to decline to hold that. Strict compliance means that. Is as restrictive as the defendant here maintains it is. In in Shirley, the. There was a certificate filed. It was untimely, but. It was in the end harmless because the defendant had already received the benefit of a full and fair hearing on his claims from his post trial motion. Similarly, in this case, the defendant has received a hearing on his post motion. There were live witnesses. The attorneys testified, the defendant testified. His two grounds involved. Involved voluntariness on the basis he was told he couldn't appeal. And on the basis that he was told that if he went to trial, he would serve a life in sentence, a life sentence and die in prison. These were already vetted by the trial court. The trial court found the defendant was not credible. The trial court found that counsels were credible in their representations about their communications with the defendant. Returning this again would. Would involve the kind of mechanistic or hyper technical approach, which even the second district appellate court in Martel and this court in Gillespie has acknowledged is. Something that. Is necessitated that hyper technical approaches required, according to those cases, but our view is that. If this court doesn't agree with us on that point, it's something that we think the owner Supreme Court will have to hash out at some point down the line, and I think we I think we totally agree with what you just said. This this needs to be teed up for the Supreme Court, but based on Gillespie and Martel, you know, I don't know how we can rule any other way. Your honors could could rule in our favor. However, that would obviously it would create a split with the second district, of course, but then Gillespie would be would remain on the books, and I think that would be an interdivision split within this court. If I would be the first time has happened, but that's true, your honor. So you know, and again, I just want to emphasize with respect to to this case in particular, the defendant here. Pled guilty to two attempt murders for which he was sentenced to the bare minimum of 31 years, concurrent on each. So this defendant received a windfall from the get-go. He was facing 110 max, and he was facing, I believe, 62 years minimum. He got 31 on two attempts, dropped charges. His post plea motion, his motion to withdraw his plea was fully vetted, but for what defendant alleges as a the omission of one word in certification, this would have been an otherwise perfect proceeding, and we would ask the court to consider those facts in its overall judgment, even if it does agree with Gillespie and Martel on that point. Thank you, your honors. Okay, thank you, counsel. Rebuttal. Yes, the fact that the hearing was held and the only two points that came up were that he was afraid he would receive a life or he was told he would get a life sentence and he couldn't appeal. Those were in his pro se motion. We don't know that the counsel didn't amend the motion, didn't go anywhere else. So we don't know what else might have happened on the record without knowing that counsel consulted with his client. So yes, this is something, you know, I suppose the Illinois Supreme Court could hash this out, but the Supreme Court has already denied PLA and Martel. The state didn't choose to PLA the decision in Gillespie, and if the Supreme Court wanted to amend its rule to carve out an exception for negotiated pleas, it could do so. And I guess my final point is that really the state provides no reason why we should not require strict compliance. I'm sure that the state's attorneys at the trial level don't object when counsel does comply. There's no policy reason not to require this other than if counsel fails to comply with his duties, it gets remanded for compliance. And it's not an overly burdensome thing to ask of our lawyers. And I guess the policy reason to require strict compliance is, as this court said in Gillespie, that consultation has value even if it does not affect the contents of the motion. And like I said, we would probably be better off because that way counsel can, at the front end, help his client understand why maybe he cannot appeal the plea, why he should stick with the plea. Even if there is no basis to withdraw the plea, we are cutting off potentially future frivolous litigation. And so I would say that this court has no reason to deviate from its prior appellate court decisions or from the Illinois Supreme Court decisions and should reverse this case or remand for further proceedings. Okay, we will take this matter under advisement. It is the essence, the quintessential hyper-technical case, no doubt about it. And it seems like something that could have been dealt with in Gorse. The court could have addressed it directly but didn't get there. And I think the practitioners on both sides of the proverbial V are waiting for something. So we'll be back to you within a brief period of time. Thank you very much. We are adjourned.